**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
AT TAMPA**

JAMES C. DAY,
5310 88th Street East
Bradenton, FL 34205

      Plaintiff,

v.

NEWTON DEVELOPMENTS, INC.,
ROSEDALE GOLF HOLDINGS, INC.
ROSEDALE MASTER HOMEOWNERS
ASSOCIATION, INC. AND
JOHN P. FLECK, JR.

      Defendants

      SERVE:
      John P. Fleck, Jr.
      1111 Ninth Avenue West
      Suite C
      Bradenton, FL 34205

Case No.: 8:23 cv 1770 TPB-CPT

JURY TRIAL DEMANDED

## JURISDICTION

Plaintiff James C. Day for his cause of action against the defendants alleges and

states as follows:

1.  Plaintiff James C. Day is a citizen of the United States who resides in the State

    of Florida.

1

TKr -68984
$402

2. Defendants are corporations registered in the State of Florida. John P. Fleck, Jr. is a citizen of the United States and resides in the State of Florida.

3. Pursuant to 28 U.S.C. Statute 1391(b), venue is proper in this Court because a substantial part of the events or omissions giving rise to the claims alleged occurred in this judicial district and/or because a substantial part of the property that is the subject of the action is situated in this judicial district.

4. Plaintiff claims federal jurisdiction pursuant to Article III Statute 2 which extends the jurisdiction to cases arising under the U.S. Constitution.

5. Plaintiff brings this suit pursuant to Title 42 U.S. Code Statute 1983 for violations of certain protections guaranteed to him by the Fifth and Fourteenth Amendments of the Federal Constitution, denial of "Due Process", Fraud on the Court and Fraud on the Court under Color of Law.

6. Plaintiff James C. Day is a natural person residing at 5310 88th Street East, Bradenton, Manatee County, Florida 34211.

7. Defendants are all represented by John P. Fleck, Jr., 1111 Ninth Avenue West, Suite C, Bradenton, Florida 34205.

## COMPLAINT

## PROCEDURAL DUE PROCESS

8. *A trial court's lacking substantial competent evidence to support its order, or any evidence at all, **is a due process violation requiring reversal.***

2

*Under well-established Florida law, if a trial court's decision is unsupported by substantial competent evidence, or against the weight of the evidence, **it is the duty of the court to reverse.***

*Thus, where a trial court makes factual findings that are unsupported by substantial competent evidence, and manifestly against the weight of substantial opposing evidence, **the order should be reversed as a violation of due process.***

*In almost any matter, "[d]ue process requires that a party be given the opportunity to be heard and to testify and call witnesses on his [or her] behalf,*

*(3) **Impartial Tribunal**. Just as in criminal and quasi-criminal cases, an and the denial of this right is **fundamental error.**"*

*impartial decision maker is an essential right in civil proceedings as well. The neutrality requirement helps to guarantee that life, liberty, or property will not be taken based on an erroneous or distorted conception of the facts or the law.... At the same time, it preserves both the appearance and reality of fairness...by ensuring that no person will be deprived of his interests in the absence of a proceeding in which he may present his case with assurance that the arbiter is not predisposed to find against him."*

9. Judges Inman and Sniffen have demonstrated malice toward plaintiff, ignored the facts and evidence and rule of law since they were assigned these cases. Judge Sniffen has openly questioned the plaintiff's veracity.

10. (4) **_Confrontation and Cross-Examination_**. _"In almost every setting where important decisions turn on questions of fact, due process requires an opportunity to confront and cross-examine adverse witnesses."_

_Where the "evidence consists of the testimony of individuals whose memory might be faulty or who, in fact, might be perjurers or persons motivated by malice, vindictiveness, intolerance, prejudice, or jealously," the individual's right to show that it is untrue depends on the rights of confrontation and cross-examination. "This Court has been zealous to protect these rights from erosion. It has spoken out not only in criminal cases....but also, in all types of cases where administrative actions were under scrutiny."_

11. Judges Inman and Sniffen have repeatedly refused to allow plaintiffs to examine the defendants under oath.

12. (5) **_Discovery_**. _The Court has never directly confronted this issue, but in one case it did observe in dictum that "where governmental action seriously injures an individual, and the reasonableness of the action depends on fact findings, the evidence used to prove the Government's case must be disclosed to the individual so that he has an opportunity to show that it is untrue."_

13. This is **"Fundamental Error"** and must be reversed pursuant to Florida law. Judges Inman and Sniffen have refused to compel defendants to

answer interrogatories or produce documents numerous times. Defendants have filed several motions to prevent plaintiff from receiving discovery. In addition, Judges Inman and Sniffen have refused to respond to "Judicial Notice of Fact or Law", which is mandatory. Judge Sniffen has stated that it does not exist.

## FRAUD ON THE COURT BY DEFENDANTS

14. **Defendants have falsified all motions for dismissals, and awards of attorney's fees in all cases.**

## FRAUD ON THE COURT UNDER COLOR OF LAW

15. **Judges Inman and Sniffen have knowingly made erroneous rulings for dismissals and attorney's fees that they knew were erroneous at the time they ruled.**

## BACKGROUND

16. On or about March 1, 2012, **Rosedale Golf Holdings, Inc.** (Rosedale) and Day entered into an agreement whereby Day became a "Master Family Golf Member" for the purpose of using the membership to market and promote his business "Heartland Title Services, Inc." by hosting an annual golf tournament and various golf outings throughout the year. Day made monthly payments of $1000 into an escrow account.

On or about February 2014 Rosedale refused to perform their obligation as set forth in the above referenced agreement by, but not limited to, refusing to schedule events, and confiscating approximately $11,000 from plaintiff's account with Rosedale.

Day demanded the return of the above referenced monies, but Rosedale failed and refused to return the monies to plaintiff.

Day filed suit on Rosedale in Case No.:2015-SC-0681 on February 20, 2015.

John Fleck, defendant's lawyer, entered his appearance on August 18, 2015.

Fleck represents Patrick Hogan, Rosedale Golf Holdings, Inc., Rosedale Master Homeowners Association Inc., and Newton Developments, Inc. and himself in all cases referred to in this complaint.

On or about July 15, 2015, attorney Blake Melhuish was hired by Day to dismiss small claims Case No.:2015-SC-0681 and file suit in circuit court for damages resulting from theft of plaintiffs over $11,000 held in escrow by Rosedale Golf Holdings, Inc., and file a second suit on Rosedale Master Homeowner's Association, Inc. for harassment and damages to ingress and egress. He filed these lawsuits; however, he did not prosecute either case and did not dismiss Case No. 2015-SC-0681 for five months. He then filed a lawsuit naming Heartland Title Services, Inc. as the plaintiff without Day's

knowledge or consent, Case No.2015-CA-4399. Heartland Title Services, Inc. was never a party to this matter.

Melhuish dismissed case no. 2015-SC-0681 on December 8, 2015, and withdrew from representing **Heartland Title Services, Inc**. on March 18, 2016.

## STATEMENT OF CAUSE

## DISMISSAL OF CASE NO.: 2016-SC-2891

17. Mr. Melhuish, as previously stated, dismissed case No. 2015-SC-0681 shortly before he withdrew. Case No.:2015·CA-4399, was dismissed on defendants' motion because Heartland Title Services, Inc., a corporation, was not represented by an attorney. These are the two cases cited for the dismissal because of two voluntary dismissals for "Collateral Estoppel" in Case No. 2016-SC-2891, which was filed by defendants and dismissed by Judge Farrance on November 16, 2016. Again, Case No. 2015-CA-4399 was dismissed on the **"defendant's motion"** because of lack of representation by an attorney. Plaintiff **could not and did not dismiss Heartland Title Services, Inc. Case No. 2015-CA-4399. PLAINTIFF** is not a lawyer, only a lawyer can represent or dismiss a corporation.

18. Judges Inman and Sniffen have refused to rule on this dismissal for years while awarding hundreds of thousands of dollars in costs and attorney's fees to defendants and assigned to John Fleck.

19. Plaintiff filed an appeal, 2D21-3057. The appellate judges ignored the documented evidence which was cited to the record in the "Initial Brief", affirmed the dismissal and remanded it back to the lower court to assess attorney's fees.

## DISMISSAL OF CASE NO. 2016-SC-4042

20. The dismissal for "Lack of Prosecution" in the underlying Case No. 2016-SC-4042 was erroneous. Defendants filed a motion to dismiss on May 22, 2018. Case No. 2016-SC-4042 was dismissed on July 24, 2018, for "Lack of Prosecution" by Judge Douglas Henderson pursuant to Rule 7.110(e) which was adopted and replaced by Rule 1.420(e) in 2005. Rule 1.420(e) requires that there must have been no activity for ten (10) months and a sixty (60) day notice period prior to dismissal by the court.

21. **Plaintiff was not given any notice pursuant to Rule 7.110 or Rule 1.4210(e), this case could not be dismissed for "Lack of Prosecution" for one year.** When Mr. Fleck filed a motion to dismiss Case No. 2016-SC-4042 on May 22, 2018, there were two entries to the record in that month, May of 2018, besides defendants' motion for dismissal for "Lack of Prosecution". The plaintiff was not given any notice, which is mandatory in both rules. This is "fraud on the court" by defendants.

22. Judge Sniffen was given this information repeatedly in hearings and motions. This is "fraud on the court under the color of law".

23. Defendants filed a motion to dismiss on May 22, 2018, Case No.: 2016-SC-4042, it was dismissed on July 24, 2018, for "Lack of Prosecution" by Judge Douglas Henderson pursuant to Rule 7.110(e), which was adopted and replaced by Rule 1.420(e) in 2005. Judge Henderson was assigned this case after Judge Singer recused himself.

24. Rule 1.420(e) requires that there must be no activity for ten (10) months and a sixty (60) day notice period prior to dismissal by the court. **Plaintiff was not given any notice pursuant to Rule 1.420(e). Pursuant to Rule 1.420(e), this case could not be dismissed for "Lack of Prosecution" for one year.**

25. When Mr. Fleck filed a motion to dismiss Case No.: 2016-SC-4042 on May 22, 2018, there were **two** entries to the record in that month, May of 2018, besides defendants' motion for dismissal for "lack of prosecution" by Mr. Fleck. There were **eleven** entries in the record in *July* of 2018, prior to this case being dismissed that month. Case No.: 2016-SC-4042 was dismissed on defendant's motion for "Lack of Prosecution". Plaintiff was not given any notice, which is mandatory

9

in both Rules. This is "fraud on the court" by Mr. Fleck. Judge Sniffen was given this information repeatedly in hearings and motions. Again, this is "fraud on the court under color of law" by Judge Sniffen.

## DISMISSAL OF CASE NO. 2020-CA-2654

26. The defendants in this case were Newton Development, Inc., Rosedale Golf Holdings, Inc. and Rosedale Master Homeowners Association, Inc. The underlying cases were 2016-SC-2891, which was erroneously dismissed for "Collateral Estoppel" and 2016-SC-4042 which was erroneously dismissed for "Lack of Prosecution". Judge Sniffen ignored the documented evidence and dismissed this case. Plaintiff then filed an appeal, Case No. 2D22-0040. The appellate judges also ignored the documented evidence which is cited in the record and affirmed the lower court case dismissal.

## DISMISSAL OF CASE NO. 2020-CA-1382

27. The defendant in this case was John P. Fleck, Jr., the defendants' attorney, who continually filed motions for attorney's fees in all cases because all attorney's fees were assigned to him. The underlying cases are the same as in Case No. 2020-CA-2654, 2016-SC-2891 and

2016-SC-4042. This case was also erroneously dismissed by Judge Sniffen. Plaintiff then filed an appeal, Case No. 2022-0310. The appellate judges also ignored the documented evidence which is cited to the record in the "Initial Brief", affirmed the lower-case dismissal and remanded to the lower court to assess the amount of attorney's fees.

## FRAUDULENT AWARD OF ATTORNEY'S FEES

28. **Florida Rule 772.11** and the Florida Supreme Court state that "For a defendant to be entitled to his fees he needs to DEMONSTRATE that the plaintiff's claim was without substantial fact or legal support".

29. Defendants, in all motions for attorney's fees, have merely stated that plaintiff filed a complaint that lacked "Substantial Fact or Legal Support", they have never provided any documentation, which is mandatory for an award of attorney's fees. Defendants can't demonstrate this because the plaintiff did not file a claim without substantial fact or legal support.

11

30. Judges Inman and Sniffen have been advised of this numerous times in motions and in hearings, they have both always granted defendants motions for attorney's fees.

31. **Florida Statute 57.105** states that: *to be entitled to an award he must demonstrate that he filed a complaint that (a}Was not supported by the material facts necessary to establish the claim or defense.: or (b)Would not be supported by the application of then-existing law to those material facts.*

32. Defendants have never attempted to demonstrate that plaintiff filed a claim without "substantial fact or legal support" they have merely stated that plaintiff filed a claim, without substantial fact or legal support".

33. Section 57.105 requires a party filing a motion for sanctions to comply with the twenty-one-day "safe harbor" provision, and Florida Rule of Judicial Administration 2.516. Statute 57.105(4), Fla. Stat. (2015), Fla. R. Jud. Admin. 2.516. The "safe harbor" provision requires a party to wait twenty-one days after serving its motion for sanctions on opposing counsel before filing the motion for awards for attorney's fees, so that the challenged document can be

corrected or withdrawn.

34. Rule 2.516(b)(l)(E) requires: (i) the attachment of a copy of the document in PDF format, and a link to the document on a website maintained by a clerk; (ii) the subject line begin with the words "SERVICE OF COURT DOCUMENT" in all capital letters, followed by the case number; and (iii) the body of the e-mail identify the court in which the case is pending, "the case number, the name of the initial party on each side, the title of each document served with that e-mail, and the name and telephone number of the person required to serve the document." Fla. R. Jud. Admin.2.516(b)(I)(E)(i)-(ii).

35. We have held that strict compliance with Rule 2.516 is mandatory. *Matte v. Caplan,* 140 So. 3d 686, 689-90 (Fla. 4th DCA 2014) ("Litigants should not be left guessing at what a court will deem is 'substantial

compliance' with the rules and statutes for the imposition of attorney's fees as a sanction.").

36. Defendants not only failed to comply with any of the requirements, but they have also never written or served a letter to plaintiff pursuant to the 21-day notice, plaintiff never received a letter and there was no "safe harbor" 21 Day notice in any of the court records. Defendants have never been entitled to awards of attorney's fees in any case. Judges Inman and Sniffen have granted all awards pursuant to Fla. Stat. 57.105(4) although they have been advised of these facts to adnasium.

37. Judges Inman and Sniffen knew at the time they granted these awards for attorney's fees that defendants were not entitled to. This is "fraud on the court under color of law".

# 38.AWARDS AND ATTORNEY'S FEES

## CASE NO.: 2016-SC-2891

| | |
|---|---|
| 10-09-2017 | $ 16,335 |
| 12-12-2017 | 700 |
| 01-02-2018 | 248 |
| 06-18-2018 | 247 |
| 06-26-2018 | 2,245 |
| 07-24-2018 | 6.546 |
| 11-02-2018 | 18.082 |
| 11-02-2018 | 8 |
| 06-12-2019 | 1,050 |
| 03-13-2020 | 11,438 |
| 07-23-2020 | 350 |
| 11-13-2020 | 12,739 |
| 07-15-2021 | 1.313 |
| 09-17-2021 | 1.662 |
| 10-04-2021 | 1.804 |
| 10-04-2021 | 9 |
| 11-24-2021 | 1.312 |
| 01-31-2022 | 1,370 |
| 01-31-2022 | 28 |
| 05-17-2022 | 1.225 |
| 12-19-2022 | 21.460 |

$ 16,718   ordered by Judge Inman directly to John Fleck

**TOTAL**   **$113,744**   **Awarded by Judge Renee Inman**

### CASE N O .:2016-SC-4042

| | |
|---|---|
| 11-06-2018 | 12,834 |
| 07-22-2019 | 875 |
| 08-06-2019 | 6,492 |
| **Total** | **$20,201** |

**Awarded by Judge Douglas Henderson**

### CASE NO.:2020-CA-2654

| | |
|---|---|
| 12-06-2021 | 17.215 |
| 02-10-2023 | 19.117 |
| Total | **$36,332** |

**Awarded by Judge Charles Sniffen**

CASE N O.:2020-CA-1382

| 01-05-2022 | 16.767 |
| 01-27-2023 | 10,530 |

**Total**          **27,297 Awarded by Judge Charles Sniffen**

$197,574    **TOTAL AWARDS OF ATTORNEY'S FEES**

39.    John Fleck has **not** been paid anything by defendants, he was assigned all awards of attorney's fees paid by Day. This is the reason that Mr. Fleck has filed over 40 motions for an award of attorney's fees. These awards of attorney's fees are self-perpetuating, Mr. Fleck schedules a hearing to determine the amount of attorney's fees awarded from a previous hearing and is awarded additional fees for attending that hearing. Judges Inman and Sniffen have never failed to grant the fees Mr. Fleck seeks. That is the reason that he has filed over 40 motions for attorney's fees, as previously stated. **Mr. Fleck filed these fraudulent motions to make money**.

40.    Plaintiff was ordered to pay an additional approximately $25,000 by 4:00 P.M. on Monday, July 31, 2023, or be incarcerated, $2,800 of which was awarded in Case No. 2020-CA-1382 because Mr. Fleck stated that he did

not know that the judgment had been satisfied and waited 20 minutes in court.

### FALSE IMPRISONMENT STATUTE 787.2

41.(1)(a) The term "false imprisonment" means forcibly, **by threat,** or secretly confining, abducting, imprisoning, or restraining another person without lawful authority and against her or his will.

42. Judges Inman and Sniffen have deprived the plaintiff of his property, hundreds of thousands of dollars in fraudulent attorney's fees. Judge Inman has and continues to coerce the plaintiff into paying fraudulent attorney's fees or be incarcerated. In one instance she ordered plaintiff to pay that day or report to the county jail by 4:00 PM to be incarcerated. This is extortion. False imprisonment is a FELONY.

43. Plaintiff has filed numerous motions for disqualification of Judges Inman and Sniffen. They have refused to recuse themselves based on successive motions; this has allowed them to continue to grant motions for attorney's fees that they know are fraudulent. This has created an **"intolerable adversarial atmosphere"** for years, during which time they have awarded over $200,000 in attorney's fees that they knew were fraudulent.

### DISCOVERY

44. Florida Rule 1.350 states that plaintiff is entitled to: Answers to interrogatories, and Production of documents. Florida Rule 1.370 states that plaintiff is entitled to admissions. Judge Inman has refused for five years to compel defendants to produce documents or answer interrogatories. Judge Sniffen refused to compel Mr. Hogan to answer under oath, plaintiff subpoenaed Mr. Hogan for this purpose, to answer whether he had confiscated plaintiff's money. When Mr. Fleck objected to Hogan answering, plaintiff stated to Judge Sniffen that the confiscation of his money was what this case was about, Judge Sniffen agreed, however, Judge Sniffen stated that he had already ruled and allowed Hogan to refuse to answer. Judges Inman and Sniffen have known since they were assigned their respective cases that plaintiff did not file a frivolous complaint and. that the dismissals in all four cases were erroneous.

45. Florida Rule 1.350 states that plaintiff is entitled to: Answers to interrogatories, and Production of documents. Florida Rule 1.370 states that plaintiff is entitled to admissions.

46. Defendants have refused to answer interrogatories or produce documents. They have also never answered the allegations in the complaint. Judges Inman and Sniffen have refused to compel defendants to do so while continuing to award additional erroneous costs and

attorney's fees. This is not only unconscionable, but also a violation of plaintiff's constitutional rights pursuant to the 5th and 14th Amendments to the United States Constitution and civil rights. **This is Fundamental Error. These judgments must be reversed.**

47. In addition, Judges Inman and Sniffen have granted all motions for attorney's fees and motions for contempt to force plaintiff to pay fraudulent awards of attorney's fees or be incarcerated.

48. Fla. R. CIV. P. 1.510 states: The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

49. Rule 1.150 states: That it is mandatory that the judge responds in writing to "Judicial Notice of Fact and Law", Judge Inman has refused to answer and Judge Sniffen has stated that Judicial Notice of fact and law does not exist.

50. Rule 12.510 Summary Judgment which states: The judgment sought must be rendered immediately if the pleadings and summary judgment evidence are on file. Plaintiff demonstrated that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The court must state the reasons for its decision, with enough

specificity to provide useful guidance to the parties and, if necessary, to allow for appellate review."

51. The court has repeatedly denied plaintiff's motions for summary judgment, Judges Inman and Sniffen have refused to state reasons for their denial although there is no genuine issue as to any material fact. Defendants have never denied any of the allegations in any complaint or any document, they simply have refused to answer, which Judge Inman and Sniffen have allowed.

## CONCLUSION

52. **Plaintiff's constitutional rights to "due process" in the 5th and 14th amendments have been denied in all cases regarding this matter. This is "Fundamental Error" which must be reversed!**

53. Plaintiff did not file a frivolous complaint regarding defendant Rosedale Golf Holdings, Inc., defendants confiscated plaintiff's money held by them and refused to return it.

54. Plaintiff did not file a frivolous complaint regarding defendant Rosedale Master Homeowners Association, Inc., defendants singled out and harassed plaintiff and failed to pay for damages caused by their ingress and egress, with heavy equipment, onto plaintiff's property.

55. The judgments for "Collateral Estoppel" and "Lack of Prosecution" in these cases were obtained by fraud. All attorney's fees, which were assigned to Mr. Fleck, were obtained through fraud.

56. Plaintiff has submitted documented evidence which was cited to the record in these cases and in the "Initial Brief" in all three appeals.

57. **Any judgment or ruling obtained through fraud is void in the United States judicial system.**

58. **WHEREFORE,** plaintiff prays for relief as follows:

1. Issue injunctive relief preventing further release of any awards. deposited with the court until this case is settled.

2. Mandate that all four cases be transferred to a jurisdiction other than the 12th and 13th judicial districts.

3. Mandate that plaintiff be permitted to seek punitive damages in all four cases.

4. Mandate that the court refund all awards of attorney's fees with interest and court costs.

5. Mandate that John P. Fleck repay the $16,788 with interest that was paid to him directly.

6. Mandate that defendants reimburse plaintiff his costs of all litigation.

Respectfully submitted,

James C. Day, Pro Se Plaintiff
5310 88th St East
Bradenton, FL 34211
913-208-0164 mobile
Jday4718@gmail.com